# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| PHILIP DRUMMOND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> *Commissioner of Social Security,* ) <br> ) <br> Defendant. ) | Case No. CV413-128 |

## REPORT AND RECOMMENDATION

Philip Drummond, a 48-year-old man who has worked part-time as a hotel clerk and shuttle driver from 2000 through the present, applied for a period of disability and disability insurance benefits with an onset date of July 2, 2010. (Tr. 16, 57-58, 141, 186-92.) He reported that he was disabled by the human immunodeficiency virus ("HIV") and hypertension. (Tr. 39.) His application was denied both initially and on reconsideration. (Tr. 89, 90, 91-97.) An Administrative Law Judge ("ALJ") conducted a hearing and denied benefits. (Tr. 37-44.) The Appeals Council denied his request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3) He then filed a

complaint for judicial review in this Court, contending that the ALJ erred in reaching his determination. (Doc. 1.) For the following reasons, the decision of the Commissioner must be reversed and remanded.

I. STANDARD OF REVIEW

Affirmance of the Commissioner's decision is mandatory if her conclusions are supported by substantial evidence and based upon an application of correct legal standards. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is something more than a mere scintilla, but less than a preponderance." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks and citations omitted). It "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation marks and citations omitted). If substantial evidence supports the decision, the Court will affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Id.* at 1158-1159. This Court cannot substitute its judgment for that of the Commissioner. *Barnes v. Sullivan*, 932 F.2d 1356, 1357-1358 (11th Cir. 1991).

The burden of proving disability lies with the claimant. 20 C.F.R. § 404.1512; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). To determine whether he has met the burden, the Court looks to the five-step evaluation process set forth in the Social Security Regulations. 20 C.F.R. § 416.920; *Dixon v. Astrue*, 312 F. App'x 227, 227-28 (11th Cir. 2009); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). At step one, the claimant must prove that he has not engaged in substantial gainful activity. *Jones*, 190 F.3d at 1228. At step two, he must demonstrate a severe impairment or combination of impairments. *Id.* Then, at step three, if the claimant's impairment meets or equals a listed impairment, he is automatically found disabled. *Id.* If not, he must advance to step four, which requires him to prove an inability to perform past relevant work. *Id.* At that step the ALJ assesses "the claimant's residual functional capacity ('RFC')" and "ability to return to his past relevant work." *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). "[T]he regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). If he cannot perform past relevant work, stage five

3

shifts the burden to the Commissioner to show that "there is other work available in significant numbers in the national economy that the claimant is able to perform." *Moore*, 478 F. App'x at 624.

## II. ANALYSIS

Although plaintiff raises several claims attacking the Commissioner's decision, the Court need only address a single issue: whether the ALJ erred as a matter of law at step three of the sequential analysis. (Doc. 10.) The ALJ found that Drummond's HIV and hypertension were severe impairments at step two, but he also found that those impairments neither alone nor in combination equaled a step-three listed impairment. (Tr. 39-40.) The entirety of his step-three analysis is as follows:

> Claimant's impairment does not meet Listing 14.08(D)(2) because he does not even have actual AIDS, per labs on CD4 count (Exhibits 1F and 4F). *The nurse practitioner's comments, stating that the claimant has AIDS, does not make it so when objective lab reports show otherwise.*

(Tr. 40 (emphasis in original).)

As the Commissioner recognizes in her brief, there is no requirement that a claimant "have actual AIDS" in order to be disabled under any section 14.08 listing. (Doc. 13 at 6-8.) In fact, Listing 14.08 is

4

titled "human immunodeficiency virus (HIV) infection," not "acquired immunodeficiency syndrome (AIDS)." Under the listings, "any individual with HIV infection, including one with a diagnosis of acquired immunodeficiency syndrome (AIDS), may be found disabled . . . if his or her impairment meets any of the criteria in 14.08 or is of equivalent severity to any impairment in 14.08." 20 C.F.R., Pt. 404, Subpt. P, App'x 1, 14.00(F) (emphasis added). Social Security benefits are thus available to a claimant whose HIV-positive status is accompanied by one of various related disorders listed in sections 14.08(A)-(K), or who medically equals one of those listings.[1] The ALJ committed a fundamental legal error by grafting onto the HIV listings a requirement that the claimant suffer from "actual AIDS." By adding that requirement, the ALJ was unable to determine properly whether claimant met or medically equaled a listed impairment.

While the Commissioner never directly addresses this glaring error, she argues that Drummond only invoked Listing 14.08(D)(2), which requires both an HIV infection and a mucocutaneous infection lasting

---

[1] The ALJ found that Drummond is HIV positive, and that diagnosis is supported throughout the medical evidence of record. While his viral load remained low while under treatment, testing repeatedly showed that he had the virus. (Tr. 322 (February 18, 2009 lab results), 318 (May 11, 2009), 314 (September 2, 2009).)

one month or longer caused by the herpes simplex virus. 20 C.F.R., Pt. 404, Subpt. P, App'x 1, 14.08(D)(2). She astutely and accurately observes that there is no medical evidence in the record, other than Drummond's testimony at the ALJ's hearing, showing that he ever suffered from a mucocutaneous infection caused by herpes simplex. (Doc. 13 at 7.) Moreover, by his own admission, the condition was resolved by 2005 and has not recurred since the disability onset date. (*Id.*; tr. 78.)

Even assuming that Drummond cannot meet the listing for 14.08(D)(2), it is apparent that the ALJ failed to conduct a proper step-three inquiry, since he fundamentally misunderstood the applicable regulations. And even though it appears from the record that Drummond is unlikely to meet any of the other HIV-related listings, this Court is not authorized to engage in a *post hoc* analysis creating reasons out of whole cloth to support the ALJ's conclusion, especially where the ALJ so plainly misconstrued the applicable regulations. *E.g.*, *Watkins v. Comm'r of Soc. Sec'y*, 457 F. App'x 868, 872 (11th Cir. 2012) ("We cannot affirm based on a *post hoc* rationale that might have supported the ALJ's conclusion." (quotations and citations omitted)); *Cook v. Astrue*, 2009 WL 464190 at *5 (S.D. Ga. Feb. 24, 2009); CAROLYN A. KUBITSCHEK & JON C.

Dubin, Social Security Disability Law and Procedure in Federal Court § 8:2 (2013 ed.) (collecting cases holding that a court may neither reweigh the evidence in the record nor substitute its judgment for the ALJ's). As such, the ALJ's decision is not supported by substantial evidence of record, and this case must be remanded to the Commissioner for further consideration.

## III. CONCLUSION

The Court should **REVERSE** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and **REMAND** the action for further consideration. *See Shalala v. Schaefer*, 509 U.S. 292, 296-97 (1993). The Clerk should enter a separate judgment pursuant to Federal Rule of Civil Procedure 58.

**SO REPORTED AND RECOMMENDED** this 25th day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA